Drexel A. Bradshaw (SBN 209584)
Peter N. Hadiaris (SBN 122590)
Bradshaw & Associates, P.C.
One Sansome, Thirty-fourth Floor
San Francisco, CA 94104
Phone (415) 433-4800
Fax (415) 433-4841

Attorneys for Creditor Judy Bolter

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ROBIN ELAINE WILSON,<br><br>Debtor. | CASE NO.: 16-31073 DM<br><br>CHAPTER 7<br><br>**MEMORANDUM SUPPORTING MOTION FOR CONTEMPT FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**<br><br>DATE: February 16, 2018<br>TIME: 10:00 a.m.<br>DEPT.: Courtroom 17 |

Debtor Robin Wilson ("Wilson") filed this case as a chapter 11 bankruptcy case on October 3, 2016. (Docket, #1). Her case was converted to chapter 7 on July 28, 2017. Docket, #139. One of the assets of her bankruptcy case was a two-unit residential building located at 3027-3029 25th St./1303 Alabama St., San Francisco, CA ("Property") Schedule A, Docket #29. At the commencement of the case, and at all relevant times, the Property was subject to two deeds a trust: a first deed of trust in favor of 3884 Stoneridge LLC ("Stoneridge") recorded on September 18, 2015 as document no. 2015-K134185-00, Claim #6, and a second, subordinated, deed of trust in favor of Judith Bolter ("Bolter") recorded June 19, 2007 as document no. 2007-I404692-00, Claim #3.

On November 7, 2017, the Bankruptcy Court ordered the Property abandoned back to the debtor, Docket #162, but the case remains pending. Wilson has not received or been denied a discharge, and her bankruptcy case has been neither dismissed or closed. Thus, the automatic stay as to

property of the debtor remains in effect, except to the extent the court has granted relief from stay.[1]

Stoneridge never obtained relief from the automatic stay created by §362(a) (5) to allow it to enforce its lien securing a pre-petition claim on the debtor's property. Nonetheless, Stoneridge recorded a notice of trustee's sale to enforce its deed of trust on December 2, 2017, Hadiaris Decl. Exh. A, conducted a trustee's sale on December 28, 2018, and purchased the Property pursuant to a credit bid. Hadiaris Decl. Exh. B. As of January 9, 2018, the trustee's deed had not yet been recorded. TD acted as the trustee under the deed of trust, drafting, posting, mailing and recording the notice of trustee's sale, and conducted the sale. Hadiaris Decl., Exh. A, B.

After discovering the sale, Bolter's counsel advised both Stoneridge's counsel, Fredric Greenblatt of Greenblatt Loveridge, and Lynn Woolcott, of TD Financial Services, that the sale violated the automatic stay. Greenblatt refused to set the sale aside, and Woolcott failed to comply. Hadiaris Decl. ¶¶4-6, Exh. C-E. Bolter requests that the respondents be held in contempt, and ordered to rescind the sale, and to pay Bolter's attorney's fees in bringing this motion.

## I. BOLTER HAS STANDING TO BRING THIS MOTION.

Although the automatic stay is one of the principal benefits of a bankruptcy case to the debtor, it also serves to protect creditors from a "race to the assets." As a result, creditors who are injured by a stay violations may also enforce the stay.

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.

HR Rep. No. 95-595, 95th Congress, 2d Sess, at 340 (1977). The Ninth Circuit has recognized that injured creditors may enforce the automatic stay. "The statute allows any 'individual,' including a creditor, to recover damages. So, for example, if a willful violation of the automatic stay damages some portion of the bankruptcy estate, both the debtor and an individual creditor of the now less-valuable

---

[1] Bolter sought relief from stay early in the case, and eventually obtained it on October 26, 2017 (Docket #150). Her foreclosure sale of the property is set for January 29, 2018. .

estate may recover actual damages." *In Re Dawson*, 390 F3d 1139, at 1146 (9th Cir. 2004). "Normally pre-petition creditors in Johnston's position shall recover damages under 11 U.S.C. §§ 362(h) and 1109(b) for willful violations of the automatic stay." *In Re Goodman,*, 991 F2d 613, at 618. Although Johnston Environmental lost its claim for §362(h) damages because it was a corporation, the Ninth Circuit noted that §1109(b) gave Johnston standing to raise the issue. *Johnston Environmental Corporation*, at n. 1.

## II. STONERIDGE'S FORECLOSURE SALE VIOLATED THE AUTOMATIC STAY.

Stoneridge never obtained relief from the automatic stay. In the exchange of e-mails between counsel after the foreclosure sale was discovered, Stoneridge's counsel claimed that the automatic stay ended when the property was abandoned and ceased to be property of the estate. However, this is incorrect.

11 USC §362(a) contains eight subsections listing categories of actions prohibited by the automatic stay. Of those eight, only three - §362(a)(2), (3), and (4) – prohibit actions against property of the estate. Four - §362(a)(1), (2), (6) and (8) - prohibit actions against the debtor personally, and two §362(a)(5) and (7) – prohibit actions against some or all property of the debtor. In particular, §362(a)(5) provides that a petition:

> Operates as a stay . . . of . . . (5) any act to create, perfect or enforce against property of the debtor any lien to the extent that such lien serves a claim that arose before the commencement of the case.

These various provisions are not governed by the same termination provisions. Acts against property of the estate terminate when the subject property leaves the estate, 11 USC §362(c)(1), which occurs when the estate abandons property. However, once the Property was abandoned, it was still property of the debtor. That stay does not terminate until the case is dismissed or closed, or the debtor has been granted or denied a discharge, none of which have occurred yet. 11 USC §362(c)(2).[2]

As explained in by the Ninth Circuit BAP in *In Re Gasprom*, 500 BR 598 (9th Cir. BAP 2013)

---

[2] 11 USC §362(c)(3), providing for the absence or early termination of the stay in cases involving repeat filers, does not apply here. Wilson has one previous filing, but it was approximately ten years ago.

---

*- 3 -*
*In Re Wilson –16-31073DM - Memorandum Supporting Motion for Contempt for Willful Violation of the Automatic Stay*

> By operation of law, the August 1, 2012 Abandonment Order only terminated one aspect of the stay, the aspect protecting the Gas Station as "property of the estate." Upon abandonment, the Gas Station no longer was property of the estate; title to the Gas Station reverted to Gasprom. *See Catalano v. Comm'r*, 279 F.3d 682, 685 (9th Cir. 2002). Hence, the aspect of the stay protecting estate property no longer applied. See § 362(c)(1).
>
> But the abandonment did not by operation of law terminate the aspect of the stay arising from § 362(a)(5), which protects "property of the debtor." Absent a ruling by the court granting relief from stay under § 362(d) so as to permit foreclosure to occur, § 362(a)(5) continued to protect the Gas Station from foreclosure, at least until the bankruptcy court closed Gasprom's bankruptcy case on August 16, 2012. See § 362(c)(2).

*Gasprom*, at 604.

### III. RESPONDENTS ACTED WILLFULLY IN VIOLATING THE STAY.

A stay violation is willful if the creditor's actions are intentional and the creditor knows of the automatic stay. *Sternberg v. Johnston,* 595 F 3d 937 (9th Cir. 2010); *In Re Pace*, 67 F.3d 187 (9th Cir. 1995); *In Re Bloom*, 875 F.2d 224 (9th Cir. 1989). "Once a creditor knows that the automatic stay exists, the creditor bears the risk of all intentional acts that violate the automatic stay regardless of whether the creditor means to violate the automatic stay." *In Re Campion*, 294 BR 313, 318 (9th BAP 2003) (computer error causing notice of bankruptcy to be misfiled did not prevent post-petition repossession from being willful violation). In particular, respondents mistaken belief that abandonment terminated the stay does not prevent the violation from being willful, because a mistake of law is no defense to willfulness. *In Re Bulson*, 117 BR 537, 539 (9th BAP 1990), *affirmed* 974 F2d 1341 (9th Cir. 1992) (mistaken belief that confirmation of chapter 13 plan terminated stay did not prevent violation from being willful). Even if the legal error is the result of bad advice of counsel, the violation is still willful. *In Re Taylor*, 884 F2d 478, 483 (9th Cir. 1989).

Stoneridge and its counsel participated extensively in the case, and TD postponed the sale for more than one year under a previous notice of trustee's sale. As a result, there is no doubt that the respondents knew of the automatic stay, and their intentional acts in prosecuting the foreclosure through sale are therefore willful. Furthermore, even if the original violation was not willful, respondent's refusal to correct it after it was called to their attention is a willful violation. In Re Abrams, 127 BR

- 4 -

*In Re Wilson –16-31073DM - Memorandum Supporting Motion for Contempt for Willful Violation of the Automatic Stay*
Case: 16-31073   Doc# 168-1   Filed: 01/17/18   Entered: 01/17/18 15:56:54   Page 4 of 5

1  239, 244 (9th BAP 1991).

## IV. THE COURT SHOULD REQUIRE RESPONDENTS TO UNDO THE SALE AND PAY BOLTER'S ATTORNEY'S FEES.

A willful violation of the automatic stay is a civil contempt, *In Re Goodman*, 991 F2d 613, 619-620 (9th Cir. 1993), which bankruptcy courts may punish. *In Re Rainbow Magazine Inc*. 77 F.3d 278, 284-285. Civil contempt sanctions may be imposed by motion. FRBP 9020; *In Re CW Mining Co.,* 625 F3d 1240, 1247 (10th Cir. 2010).

The court has broad discretion in fashioning a remedy for civil contempt, to compensate the complainant and coerce compliance with the court's order. Compensation is payable to the complainant, and coercive sanctions are payable to the court. *General Signal Corporation v. Donallco, Inc*. 787 F.2d 1376, at 1380 (9th Cir. 1986). Compensation can include the fees and costs incurred because of the violation. *General Signal Corp., supra*. Bolter requests that she be awarded her reasonable attorney's fees of $11,398.50, Hadiaris Decl. ¶¶8-10, as a compensatory award. Respondents should undo the sale, and the court should impose a coercive daily fine until they do so.

Dated: January 17, 2018

Respectfully Submitted
BRADSHAW & ASSOCIATES, P.C.

*__Peter N. Hadiaris__*
Peter N. Hadiaris
Attorney for Creditor Judy Bolter

- 5 -

*In Re Wilson –16-31073DM - Memorandum Supporting Motion for Contempt for Willful Violation of the Automatic Stay*
Case: 16-31073    Doc# 168-1    Filed: 01/17/18    Entered: 01/17/18 15:56:54    Page 5 of 5